Timothy MANNING, Petitioner,

v.

SMITH BARNEY, HARRIS UPHAM & CO., Respondent.

No. 93 Civ. 1335 (LBS).

United States District Court, S.D. New York.

June 9, 1993.

**1082**

Francis X. Stone, Boston, MA, for petitioner.

Scott E. Kresch, Smith Barney Legal Dept., New York City, for respondent.

## OPINION

SAND, District Judge.

This is an action brought by petitioner Timothy Manning against respondent Smith Barney, Harris Upham & Co. Inc., to vacate an arbitration award rendered by a panel of the New York Stock Exchange. Before the Court is respondent's motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure on the ground that this Court lacks subject matter jurisdiction. We find that there is no federal question present and no diversity of citizenship between the parties, and we therefore grant the motion to dismiss the petition.

The factual background can be briefly stated. Petitioner was an employee of Smith Barney. On December 21, 1989, he executed a promissory note ("Note") in favor of Smith Barney, wherein he acknowledged an indebtedness to Smith Barney for a loan in the amount of $75,000. Manning resigned his employment on February 8, 1991. Pursuant to the terms of the Note, Manning was then in default and $50,000 became immediately due and payable. The Note contained an arbitration clause in which the parties agreed that any dispute arising out of the Note would be resolved by arbitration before the New York Stock Exchange ("NYSE"). In the Note, Manning also consented to the jurisdiction of the courts of the State of New York for the purpose of compelling arbitration and/or confirming an award arising out of an arbitration.

Smith Barney filed a Statement of Claim against Manning with the NYSE on or about May 14, 1991 alleging that Manning had breached the Note. The parties engaged in discovery, and the NYSE held full hearings over a four-day period. The Panel rendered a verdict on October 29, 1992, awarding Smith Barney $32,964.25 on its claim and denying relief on all of the petitioner's counterclaims.

Smith Barney filed a petition to confirm the arbitration award in New York State Supreme Court, and that proceeding is ongoing. On March 5, 1993, Manning filed a *pro se* petition in this Court to vacate the arbitration award, alleging that Smith Barney had procured the award "through corruption, fraud and undue means". Smith Barney then moved to dismiss the federal court action for lack of subject matter jurisdiction. Both sides are currently represented by counsel.

On a procedural note, this Court held oral argument on May 13, 1993. Subsequently, we received what petitioner deemed an "Amended Motion to Vacate Arbitration Award", as well as a "Rebuttal to Smith Barney's Memorandum of Law" and a "Response to Smith Barney's Reply Brief". We do not need to decide the propriety of petitioner's late filings, because we find that they do not contain anything which supports a claim of federal jurisdiction.

### Discussion

Petitioner seeks to base federal jurisdiction on section 27 of the Securities and Exchange Act of 1934 (the "Act"). That section

provides in relevant part that "The district courts of the United States ... shall have exclusive jurisdiction of violations of this chapter or the rules and regulations thereunder, and of all suits in equity and actions at law brought to enforce any liability or duty created by this chapter or the rules and regulations thereunder." Petitioner's argument is essentially that because both Manning and Smith Barney are required by the NYSE rules to arbitrate disputes, any liability which is determined by such arbitration is a liability under the Exchange Act which can only be enforced in federal court.

Manning does not cite any authority to support this argument, and we find it to be untenable. The underlying promissory note, which is the basis of the liability found by the arbitration panel, is not itself a security governed by the securities laws. It is a separate contract between the parties. By the terms of that agreement, the parties agreed both that they would arbitrate disputes arising out of the agreement, and that the courts of New York State would have jurisdiction to compel arbitration and/or to confirm any arbitration award and enter judgment. The fact that the parties are also members of an exchange and may be obligated to arbitrate other disputes under the rules of the NYSE does not transform liability on a promissory note into liability under the Exchange Act or the rules promulgated thereunder.

Petitioner's other attempts to ground jurisdiction in the Exchange Act are equally meritless. Petitioner cites to sections 6(b)(5) and (6) of the Act, which provide that in order for an exchange to be registered as a national securities exchange, the rules of the exchange must be found by the Commissioner to be designed to prevent fraudulent and manipulative acts and practices, and the rules must provide for sanctions of brokers and dealers who violate the rules. Presumably, petitioner's contention is that Smith Barney acted improperly in the arbitration proceeding, thereby violating the rules preventing fraudulent and manipulative acts and practices, and providing a ground for federal court jurisdiction. We find this leap of logic quite extraordinary, and it will not serve as a basis for federal jurisdiction. Furthermore, it should be noted that in this Circuit, there is no private right of action under section 6(b) for a violation of an exchange's rules. *Brawer v. Options Clearing Corp.*, 633 F.Supp. 1254 (S.D.N.Y.), *aff'd*, 807 F.2d 297 (2d Cir.1986), *cert. denied*, 484 U.S. 819, 108 S.Ct. 76, 98 L.Ed.2d 39 (1987).

Petitioner further cites to sections 15(b)(4)(B)(i), (ii) and (iii) of the Act, which petitioner argues proscribe "the taking of a false oath, the making of a false report, perjury and fraudulent concealment." In fact, those sections deal with the sanctions which the Commissioner may order against brokers or dealers convicted of a felony or misdemeanor involving various types of false statements. It cannot seriously be contended that petitioner can use those sections to gain access to federal court.

Petitioner also argues that the provision in the promissory note which provides for state court jurisdiction is invalid pursuant to sections 29(a) and (b) of the Act, which declare void "any condition, stipulation, or provision binding any person to waive compliance with any provision of this chapter or of any rule or regulation thereunder, or of any rule of an exchange required thereby" or any contract which is made in violation of the Act. Petitioner argues that the provision in the promissory note providing for state court jurisdiction is a waiver of the exclusive federal court jurisdiction provision found in section 27. However, as discussed above, we do not find section 27 applicable to an independent contractual obligation, which is entirely devoid of any relationship to "securities". By petitioner's logic, if the respondent had extended a car loan to petitioner, or rented an apartment to petitioner, the dispute would be under the Exchange Act and within the exclusive jurisdiction of the federal court merely by virtue of the fact that the parties are members of the exchange. Clearly, that cannot be the correct result.

Petitioner concedes that there is no diversity jurisdiction. Petitioner further concedes that the Federal Arbitration Act does not provide a basis for federal jurisdiction in this situation. Because we do not find any federal question, we must dismiss the petition.

Respondent seeks sanctions under Rule 11 for the frivolous filing of this action. We agree that sanctions are peculiarly appropri-

ate in the context of a challenge to an arbitration award which appears to be a largely dilatory effort. *See Quick & Reilly v. Jacobson,* 126 F.R.D. 24 (S.D.N.Y.1989). We limit the sanction award against petitioner's counsel to $250, taking into consideration all the circumstances of this case.

### Conclusion

For the reasons stated above, respondent's motion to dismiss for lack of subject matter jurisdiction is granted. Respondent's request for sanctions is granted in the amount of $250.

SO ORDERED.